UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:11-cv-21321-LENARD/O'SULLIVAN

ETKIN & COMPANY, INCORPORATED,
a Delaware corporation,

    Plaintiff,

v.

SBD LLC, a Florida limited liability company,

    Defendant.

_____/

**Nonparty Kraft Foods's Motion to Intervene
with Incorporated Supporting Memorandum of Law**

    Nonparty Kraft Foods Group, Inc. ("Kraft Foods") submits this motion to intervene for the limited purpose of seeking protection of confidential information and documents produced in this action and subject to potential de-designation at the request of Plaintiff Etkin & Company, Inc. ("Etkin") (Docket No. 281). Kraft Foods believes that the discovery record in this litigation may include proprietary Kraft Foods business information and confidential communications. Some of this information may relate to the subject matter of a dispute between Kraft Foods and Starbucks Corporation ("Starbucks") that is pending in another forum. Kraft Foods does not seek intervention for any other purpose, such as litigating a substantive claim against either party or seeking

83170373.3

discovery. Kraft Foods simply seeks limited relief to ensure that Kraft Foods will be able to protect its sensitive business information, including information relating to Kraft Foods's dispute with Starbucks. The governing Protective Order and the Federal Rules support Kraft Foods's intervention to protect the confidentiality of their documents. Kraft Foods's motion to intervene for a limited purpose should be granted.

## Background

Kraft Foods and SBD, LLC ("SBD") had a contractual relationship, by which Kraft Foods was the licensed manufacturer of South Beach Diet brand food products. As part of that relationship, Kraft Foods and SBD signed a confidentiality agreement to ensure that sensitive Kraft Foods information remained confidential. (Affidavit of Richard Pace at ¶¶ 2, 6; Exhibits A; C, hereinafter "Pace Aff.") Similarly, Etkin signed a confidentiality agreement with Kraft Foods in connection with its work with SBD. *Id.* at ¶6; Exhibit B.

The relationship between Kraft Foods and SBD was referred to at length in the Complaint before this Court and has been the subject of discovery in this litigation. *See also* Pace Aff. at ¶¶2-7. Kraft Foods understands that SBD has produced documents related to its relationship with Kraft Foods, as well as documents held by David Owens. Mr. Owens has had consulting relationships with both Kraft Foods and SBD, and is a former Executive Vice President with

Kraft Foods. Kraft Foods understands that these documents have been marked Confidential pursuant to the Protective Order and in line with Kraft Foods and SBD's confidentiality agreement and thus could not be disclosed publicly or used in any other proceeding. (Declaration of Mathew Korte at ¶2, hereinafter "Korte Decl.")Nevertheless, these productions included sensitive documents that should not have been produced, and have already necessitated Kraft Foods's involvement to confirm that both parties returned or destroyed their copies of Kraft Foods's sensitive material. (Korte Decl. at ¶3.)

Mr. Owens's consulting company has also produced documents directly in response to a third-party subpoena, which requested"[a]ny and all documents which relate in any way to the following: . . . Kraft Foods, Inc.," as well as several additional requests related to the relationship between Kraft Foods and SBD.(Korte Decl. at Exhibit A.)

On March 28, 2012, Kraft Foods, having been made aware of this subpoena served a written objection to the breadth of the requests to the extent they related to Kraft Foods beyond its relationship with SBD. Kraft Foods also raised the concern of confidentiality. Specifically, Kraft Foods stated:

> [I]f and to the extent [Owens] provides any documents or information that relates to any actual or proposed business strategies or ventures, or the terms of any actual or proposed agreement involving Kraft and SBD, the Agatstons, or any other parties, Kraft considers such documents and information to be Confidential under the terms of the Protective Order in the case.

83170373.3                                3

*Id.* At no point in their communications has either party put Kraft Foods on notice that its claims of confidentiality—either under its contract with SBD or under this Court's Protective Order—would be in jeopardy.

Kraft Foods's interest in protecting the confidentiality of its sensitive business information is particularly acute. Kraft Foods and Starbucks are preparing for an arbitration hearing scheduled to begin on July 11thon the very issues that were disclosed in SBD's production. Further, events and circumstances surrounding the issues in dispute in that arbitration involve witnesses and parties to this litigation. Both Etkin and Owens were directly involved in the dispute between Starbucks and Kraft Foods. (Korte Decl. at ¶4.)

On or around June 15, 2012, Kraft Foods learned of Etkin's expedited motion to de-designate all documents in this litigation. (Korte Decl. at ¶5.) This motion to de-designate states that "information relating to the Kraft-Starbucks matter… should be deemed 'Confidential'" but does not explain the mechanism for ensuring this is done or address Kraft Foods's concern for the confidentiality of its other proprietary, confidential, and possibly privileged information. (Docket No. 281.)

Kraft Foods believes that if the motion to de-designate documents is granted, certain Kraft Foods documents containing confidential business strategy, trade secrets, privileged communications, and proprietary information,

including confidential information bearing on the dispute between Kraft Foods and Starbucks, may be made public. (Korte Decl., Exhibit A.; Pace Aff. at ¶8__.) Kraft Foods therefore filed this Motion to Intervene in this matter for the limited purpose of protecting its confidential information.

## Argument

### I. Kraft Foods may intervene as of right in this action to protect its interest.

Federal Rule of Civil Procedure 24(a) provides for intervention of right on a timely motion by a nonparty when the disposition of the action could affect the movant's ability to protect its interests (and the existing parties do not adequate represent that interest):

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Kraft Foods satisfies this standard for intervention as of right.

First, Kraft Foods's action is timely as it comes before the Court's deadline to rule on Etkin's Motion to de-designate documents marked "Confidential." See *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir.1970) ("The requirement of timeliness must have accommodating flexibility toward both the court and the litigants").Until the filing of Etkin's motion, Kraft Foods believed that the parties and the Protective Order adequately protected its interests. *See Legal Aid Soc. of*

*Alameda Co. v. Dunlop*, 618 F.2d 48, 50 (9th Cir. 1980) ("[T]he relevant circumstance here for determining timeliness is when the intervenor became aware that its interest no longer would be protected adequately by the parties.").

Second, Kraft Foods has an interest relating to the property or transaction that is the subject of this action. Kraft Foods has an interest in the confidentiality of certain sensitive discovery—an interest that Etkin's motion specifically acknowledges at least with regard to Kraft Foods's dispute with Starbucks—and Kraft Foods seeks to protect its interest. (Docket No. 281 at ¶ 1 fn. 1 (noting that "information relating to the Kraft-Starbucks matter… should be deemed 'Confidential'"); ¶ 5 (referring to documents that "concern the Kraft-Starbucks litigation" as exempted from Plaintiff's proposed relief of de-designation).)The interest of a party in protecting against disclosure of its confidential information has been found to justify intervention as a matter of right under Rule 24(a). *See United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) (allowing nonparty to intervene as of right to protect against disclosure of information it had disclosed to the government). Due to the nature of Kraft Foods's sensitive information, Kraft Foods faces a significant risk of substantial harm if Etkin's motion to de-designate discovery *en masse* is granted.

Third, Kraft Foods's interests are not adequately represented by the existing parties. While SBD may oppose the motion by Etkin (at the time of this

filing, no response had been submitted by SBD), SBD lacks Kraft Foods's motivation to diligently protect Kraft Foods's sensitive information including information related to Kraft Foods's dispute with Starbucks. Indeed, SBD may have already produced Kraft Foods's sensitive documents including privileged documents. In addition to the lacking any real incentive to diligently protect Kraft Foods's documents, neither party is likely to share Kraft Foods's ability to properly *identify* sensitive information such as confidential business strategy, trade secrets, privileged communications, proprietary information, and confidential information bearing on the dispute between Kraft Foods and Starbucks. If wholesale de-designation is to occur, Kraft Foods is uniquely positioned to identify the documents that must remain Confidential.

## II.     Kraft Foods may, in the alternative, intervene permissively.

Kraft Foods may permissively intervene for the limited purpose of seeking additional relief under Rule 24(b). Rule 24(b) provides that a nonparty may intervene "[o]n timely motion" and with the permission of the Court so long as that nonparty "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is appropriate where a nonparty challenges a confidentiality order. See, e.g., *EEOC v. Nat'l Childrens' Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. C.ir. 1998) (noting that every circuit that has considered whether nonparties may permissively intervene for the purpose of challenging a

confidentiality order has found that nonparties may permissively intervene for that purpose.); *see also Boca Raton Comm. Hosp., Inc. v. Tenet Healthcare Corp.*, 271 F.R.D. 530, 534 (S.D. Fl. 2010) (noting that permissive intervention "is the proper method for a nonparty to seek modification of a protective order."). If permissive intervention is appropriate for a nonparty seeking modification of a protective order, it certainly would be appropriate for a nonparty seeking to protect its confidential documents in light of an effort by a party to de-designate them.

Even if Kraft Foods were not able to intervene as of right, permissive intervention would be appropriate following the analysis articulated in *Boca Raton Comm. Hosp., Inc. v. Tenet Healthcare Corp.*, 271 F.R.D. 530 (S.D. Fl. 2010). Kraft Foods's motion to intervene is timely and not allowing intervention would prejudice Kraft Foods for the reasons discussed *supra*.  Moreover, Kraft Foods's intervention causes no undue prejudice to the existing parties. Kraft Foods's intervention is for a limited purpose of protecting Kraft Foods's confidential documents—an interest that the movant explicitly recognized in its motion to de-designate confidential documents. Any delay due to Kraft Foods's need to identify confidential documents would occur regardless; Etkin has acknowledged the need to identify and maintain the confidentiality of documents relating to Kraft Foods's matter with Starbucks. If anything, Kraft

Foods's limited intervention would *benefit* the parties by freeing them from the task of identifying documents that must retain their designation.

### III. Kraft Foods's limited intervention is narrowly tailored to protect its interest.

In order to preserve the confidentiality of sensitive materials, a district court may regulate access to the information by issuing a protective order pursuant to *Rule 26. In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11 Cir. 1987).Based on a stipulation of the parties, this Court previously entered an Order allowing parties—and nonparties—to designate information Confidential if it is "a trade secret, proprietary, commercially sensitive, private or personal, or otherwise confidential."(Docket No. 57 at ¶3.)

Pursuant to that Order, SBD and Owens produced commercially sensitive information about Kraft Foods, including its relationship with SBD—a relationship that was subject to multiple confidentiality agreements—and its relationship with Starbucks.  This information was produced in response to Etkin's discovery requests, such as "Any and all documents which relate in any way to the following: . . . k. Kraft Foods, Inc." or  "all notes, memoranda, documents, schedules, spreadsheets, contracts (including drafts thereof) . . . relating to: (a) The proposed Kraft transaction." On their face, these requests call for documents that are "commercially sensitive" or "otherwise confidential" as contemplated under this Court's order. *See e.g. Naples Community Hospital, Inc. v.*

*Medical Savings Ins. Co.,* 2006 U.S. Dist. LEXIS 25894 (MD FL. May 3, 2006) (approving protective order over contracts, negotiation documents, contract implementation documents, pricing strategies, contract offers, etc. under Rule 26(e)).

As Etkin acknowledges, one of the purposes of a stipulated "umbrella" confidentiality agreement is to expedite litigation without the need for a document-by-document review where a large volume of documents may be confidential. Docket No. 281, citing *In re Alexander Grant & Co. Litig.,* 820 F.2d at 356. Etkin has made no showing that the documents related to Kraft Foods are somehow improperly designated as Confidential.[1]

While Kraft Foods appreciates Etkin's request that its motion not apply to documents related to the Kraft Foods/Starbucks relationship, this does not alleviate Kraft Foods's confidentiality concerns. As is evident by Etkin's discovery requests, the documents include confidential information related to Kraft Foods beyond that relationship. Moreover, Kraft Foods is uniquely positioned to identify its own sensitive information and therefore should be allowed to intervene to protect that vital interest.

---

[1] Kraft Foods is currently unable to defend the confidentiality of its documents on a document-by-document basis, as contemplated under the Protective Order, as it did not produce the documents at issue and is not a party to the litigation. *See* Docket No. 57 at ¶3(b).

## Conclusion

For the foregoing reasons, Kraft Foods respectfully requests that the Court grant its motion to intervene, either as of right or permissively, for the limited purpose of seeking additional protection for its confidential documents. Alternatively, Kraft Foods asks this Court to deny Etkin's motion to the extent that it would remove Confidential designations from documents related in any way to Kraft Foods.

## Local Rule 7.1(a)(3) Certification

Counsel for the Movant has conferred with counsel for the Plaintiff and the Defendant in a good faith effort to resolve the issues raised in this Motion. Based on this conference, it is the undersigned's understanding that neither Plaintiff nor Defendant objects to Kraft's intervention for the limited purpose of protecting its confidential and privileged information and documents.

Dated June 26, 2012.    Respectfully submitted,

/s/ Lawrence A. Farese
Lawrence A. Farese
Florida Bar No. 252808
E-Mail: LAFarese@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
711 Fifth Avenue South, Suite 201
Naples, Florida 34102
(239) 430-7070 Telephone
(239) 213-1970 Facsimile

Attorneys for Nonparty
Kraft Foods Group, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Lawrence A. Farese

## SERVICE LIST

ETKIN & COMPANY, INCORPORATED, v. SBD LLC
Case No. 1:11-cv-21321-LENARD/O'SULLIVAN
United States District Court, Southern District of Florida
Miami Division

| | |
|---|---|
| Orin Snyder, Esq.<br>KatieLynn Townsend, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>Phone (212) 351-2400<br>Fax (212) 351-6335<br>E-Mail  osnyder@gibsondunn.com<br>         ktownsend@gibsondunn.com<br><br>Attorneys for Etkin & Company, Inc. | Franklin L. Zemel, Esq.<br>ARNSTEIN & LEHR LLP<br>200 East Las Olas Boulevard, Suite 1700<br>Fort Lauderdale, Florida 33301<br>Phone (954) 713-7610<br>Fax (954) 713-7710<br>E-Mail  flzemel@arnstein.com<br><br>Attorneys for Etkin & Company, Inc. |

Andrew C. Hall, Esq.
Adam Stuart Hall, Esq.
HALL, LAMB, AND HALL, P.A.
2665 South Bayshore Drive, PH1
Miami, Florida 33133
Phone (305) 374-5030
Fax (305) 374-5033
E-Mail   andyhall@hlhlawfirm.com
         adamhall@hlhlawfirm.com

Attorneys for SBD, LLC

83170373.3                          13