UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21321-CIV-LENARD/O'SULLIVAN

ETKIN & COMPANY, INCORPORATED,
a Delaware corporation,

    Plaintiff,

vs.

SBD LLC, a Florida limited liability company,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Disqualify Counsel, Andrew C. Hall, Esquire, from Serving as Defendant, SBD, LLC's Trial Counsel (DE# 213, 5/4/12). Having reviewed the motion, the filings, and applicable law, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Motion to Disqualify Counsel, Andrew C. Hall, Esquire, from Serving as Defendant, SBD, LLC's Trial Counsel (DE# 213, 5/4/12) is **DENIED** as more fully explained below.

## BACKGROUND

The claims and counterclaims giving rise to this litigation center around the Consulting Agreement between Etkin & Company ("ECI") and SBD, LLC ("SBD") and the duties and obligations which arose therefrom. Complaint for Damages Against SBD, LLC ("Complaint") (DE# 1, 4/14/11). In or around 1995, Dr. Agatston, an SBD co-owner, developed the weight loss and diet plan that has come to be known as the "South Beach Diet." Id. Prior to 2004, the defendant granted Kraft exclusive manufacturing licenses for numerous products. Defendant/Counter-Plaintiff's Response to Plaintiff's Motion to

Disqualify Defendant's Counsel, Andrew C. Hall, Esquire From Serving as Trial Counsel ("Response") (DE# 247, 5/29/12).

In February 2010, Kraft notified the defendant that it would be terminating its relationship with SBD effective March 1, 2011. Complaint (DE# 1, 4/14/11). On March 23, 2010, defendant and plaintiff entered into the aforementioned Consulting Agreement whereby William Etkin, an ECI principal, would serve as consultant to SBD for five years. Id. Pursuant to the Consulting Agreement, Etkin was to help position SBD to be sold to a third-party. Id.

A halt in production prior to selling SBD to a third-party would have adversely affected the sales price. Thus, in 2010, the defendant and the plaintiff negotiated a deal whereby SBD would repurchase its business license from Kraft and begin manufacturing its own protein bars. Response Ex. 3 at 4 (DE# 247, 5/29/12). At times, Etkin was negotiating with Kraft on behalf of SBD with little to no direct SBD involvement. Plaintiff's Motion to Disqualify Counsel, Andrew C. Hall, Esquire, from Serving as Defendant, SBD, LLC's Trial Counsel ("Motion") at 11 (DE# 213, 5/4/12). Thus, the defendant directed Andy Hall, an SBD attorney, to find out how the ECI-Kraft negotiations were progressing and to ensure that the developing deal was in fact as Etkin represented. Id.

In May 2010, Hall began speaking and meeting with Etkin and others involved in the ongoing negotiations. Id. On December 16, 2010, Hall called Etkin to express his surprise at learning that SBD would need $20 million in working capital to transition from licensor to manufacturer. Id. at 15. In December 2010, SBD and Hall determined that the post-transition relationship between SBD and Kraft would be different than their earlier belief based on Etkin's representations. Id. at 14.

2

After the defendant was unable to reach an agreement with Kraft by December 2010, SBD had a settlement meeting with the plaintiff on December 27, 2010 at the Agatstons' home. Id. at 16. The parties disagree about exactly what was said at the December 27th meeting. In general, Hall and the Agatstons conveyed their dissatisfaction with Etkin's performance under the Consulting Agreement. Id. Etkin then expressed that he did not want to be where he was not wanted. Id. In response, Hall indicated that Etkin's statement was a resignation. Id. Upon exiting the meeting, Etkin responded that he would return to New York and review the termination provisions of the Consulting Agreement. Id.

In a letter dated January 20, 2011, Hall informed Etkin that the defendant believed that Etkin terminated the Consulting Agreement at the December 27, 2010 meeting, and thus SBD had no further obligation to plaintiff. Response Ex. 1 at 1 (DE# 247, 5/29/12). Hall also wrote that the Consulting Agreement was void since it was a product of fraud in the inducement and, alternatively, that the plaintiff breached the Consulting Agreement. Id. at 2-3. The letter granted the plaintiff an opportunity to cure the breach by paying the defendant $9 million within 45 days. Id. at 3.

In response to Hall's letter, Orin Snyder, an ECI attorney, wrote Hall a letter dated February 25, 2011. Id. Ex. 3. The letter posited that, given the nature of Hall's direct involvement in the transactions and events at issue, Hall would be disqualified from acting as trial counsel for the defendant. Id. Plaintiff filed suit on April 14, 2011. Complaint (DE# 1, 4/14/11). On May 5, 2012, the plaintiff filed its motion to disqualify the defendant's counsel. Motion (DE# 213, 5/14/12). The trial was set to commence on October 9, 2012. See Order Adopting Joint Scheduling Report, Setting Pretrial Conference and Trial,

Establishing Pretrial Deadlines, and Establishing Pretrial and Trial Procedures ("Trial Order") (DE# 28, 9/1/11). On August 21, 2012, the Court issued an Order Adopting *Amended* Joint Scheduling Report, Setting Pretrial Conference and Trial, Establishing Pretrial Deadlines, and Establishing Pretrial and Trial Procedures (DE# 357, 8/21/12), which re-set the trial to commence on September 9, 2013.

## DISCUSSION

The burden of proving the grounds for disqualification is on the party moving to disqualify. Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt., Inc., No. 07-21489-CIV, 2008 WL 1994857 * 1 (S.D. Fla. May 6, 2008) (citing In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003) (citations omitted)). Motions involving the disqualification of counsel must be determined according to the standards imposed by the Florida Rules of Professional Conduct. Shaw v. Cassel, No. 11-23689-CIV, 2012 WL 315050, at *2 (S.D. Fla. Feb. 1, 2012) (citing Morse v. Clark, 890 So. 2d 496, 497 (Fla. 5th DCA 2004)). Disqualification of counsel is an extraordinary remedy, and such motions are generally viewed with skepticism because they are often made for tactical purposes. Id. (citing Yang Enters., Inc. v. Georgalis, 988 So. 2d 1180, 1183 (Fla. 1st DCA 2008)(internal quotation marks, brackets and citations omitted). Under Florida law, certiorari is available to review an order disqualifying counsel because it "den[ies] a party counsel of its choice, a material injury without remedy on appeal." Gonzalez v. Chillura, 892 So. 2d 1075, 1076-77 (Fla. 2d DCA 2004).

**I. Rule 4-3.7: Lawyer as Witness**

Plaintiff relied solely on Rule 4-3.7 of the Rules Governing the Florida Bar in its initial motion. Motion at 1 (DE# 213, 5/4/12). Rule 4-3.7 provides in pertinent part:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client.

Fla. Bar Reg. R. 4-3.7.

### A. Defendant Does Not Intend to Call Hall to Testify on Its Behalf

"The focus of the analysis under Rule 4-3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness." Shaw, 2012 WL 315050, *5 (citing AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So. 2d 675, 678 (Fla. 2d DCA 2006)); Breckenridge Pharm. v. Metabolite Lab., Inc., No. 04-80090-CIV-Cohn 2007 WL 433084, *3 (S.D. Fla 2007) (denying disqualification and relying on AlliedSignal). Thus, where the client does not intend to call his attorney as a witness, Rule 4-3.7 is not implicated. Shaw, 2012 WL 315050, *5 (citing AlliedSignal, 934 So. 2d at 678).

In its response, the defendant makes clear that it "does not intend to call Mr. Hall as a witness." Response at 3 (DE# 247, 5/29/12). Furthermore, Hall is not on the defendant's list of fact witnesses filed in this action. Id. Since the defendant does not intend to call Hall as a witness, Rule 4-3.7 does not apply. See, e.g., Shaw, 2012 WL 315050, *5 (citing AlliedSignal, 934 So. 2d at 678); Breckenridge, 2007 WL 433084, *3 (relying on AlliedSignal).

The defendant concedes the possibility of calling Hall as a witness on rebuttal if ECI disputes that Hall's January 20, 2011 and March 15, 2011 letters were sent. Response at 3 (DE# 247, 5/29/12). Pursuant to Rule 4-3.7(a)(2), disqualification is inappropriate if counsel's "testimony will relate solely to a matter of formality and there is no reason to

believe that substantial evidence will be offered in opposition to the testimony." Fla. Bar Reg. R. 4-3.7(a)(2).  The plaintiff has admitted in depositions that both letters were sent. Response at 3 (DE# 247, 5/29/12). Thus, even if Hall must testify for the defendant on rebuttal regarding whether these letters were sent, disqualification would still be unwarranted.

Rule 4-3.7 is not implicated because the defendant does not intend to call Hall as a witness. Even if Rule 4-3.7 did apply, the undersigned's analysis concludes that disqualification would not be warranted because Hall is not a necessary witness; disqualification would work a substantial hardship on Hall's client due to the undue delay in filing the motion for disqualification and the extent of discovery and the timing of its completion.

### B. Hall is Not a Necessary Witness

"[T]he party seeking to disqualify the counsel of his opponent has the burden to prove that the attorney's testimony is necessary." Silvers v. Google, Inc., No. 05-80387-CIV-RYSKAMP/VITUNAC, 2007 WL 141153, *1 (S.D. Fla. 2007) (citing Hiatt v. Estate of Hiatt, 837 So. 2d 1132, 1133 (Fla. 4th DCA 2003)). In Breckenridge, the court held that even though an attorney was intimately involved in material events, he is not a "necessary witness" if another witness is capable of testifying to the matters at issue. Breckenridge Pharm. v. Metabolite Lab., Inc., No. 04-80090-CIV-Cohn 2007 WL 433084, *2 (S.D. Fla 2007); see also Allstate Ins. Co. v. English, 588 So. 2d 294, 295 (Fla. 2d DCA 1991); Laura McCarthy, Inc. v. Merrill-Lynch Realty/Cousins, Inc., 516 So. 2d 23 (Fla. 3d DCA 1987). To a lesser extent, Florida state courts have defined a necessary witness as a "central" or "indispensable" witness.  See, e.g., Flietman v. McPherson, 691 So. 2d 37 (Fla. 2st DCA

6

1997); City of Lauderdale Lakes v. Enter. Leasing Co., 654 So. 2d 645 (Fla. 4th DCA 1995).

The defendant notes that Hall was not involved with the following pertinent events: (1) SBD-ECI relations prior to execution of the Consulting Agreement; (2) meetings with Kraft regarding renewal terms or its decision not to renew the License Agreement; (3) the Etkins-Owens meetings; (4) planning SBD's future in 2009 and 2010; (5) review of the Kraft contracts provided in October 2010. Response at 7-8 (DE# 247, 2/29/12). However, there are several relevant events in which Hall did play a role.

Regarding negotiation and formation of the consulting agreement, SBD was represented by Ed Ristaino. Id. at 9. Hall provided advice to Ristaino on the subjects of a waiver of jury trial and an arbitration provision. Id. Nevertheless, it would appear that there are several individuals, such as Ristaino, who could provide testimony regarding the Consulting Agreement and defendant's fraudulent inducement claim. Id. at 8-9.

Hall attended a May 2010 meeting between Etkin and Ehrlich, SBD's transactional counsel, regarding whether the termination of the Kraft Licensing Agreement was confidential. Id. at 9. Since Etkin and Ehrlich were both active participants in the May 2010 meeting, either could testify about the events that took place that day.

Either Etkin or Kraft can testify about Etkin's direct negotiations with Kraft on behalf of the defendant. Id. at 11. SBD's owners, the Agatstons, may be in the best position to testify regarding the defendant's opinions toward the direct negotiations. Id. Regarding the November 8th meeting, in addition to Hall, Etkin, the Agatstons, Ristaino, and Tim Devlin were all present and can testify about the events that took place that day. Id. Hall participated in SBD-Kraft negotiations in December 2010. Id. at 14. Etkin, Mrs. Agatston,

Ristaino, Ehrlich, Jess Drabkin and Devlin were all a part of SBD's negotiating team and can provide testimony regarding the December 2010 negotiations. Id. Regarding the December 27th meeting, the plaintiff points to discrepancies in Hall's and the Agatstons' recollection of events. Nevertheless, they are generally consistent. Motion at 16 (DE# 213, 5/4/12); see Allstate Ins. Co. v. English, 588 So. 2d 294, 295 (Fla. 2d DCA 1991)(determining that "there has been no showing ... that any testimony he might give would be 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client'")(quoting Ray v. Stuckey, 491 So. 2d 1211, 1213 (Fla. 1st DCA 1986)). Furthermore, the defendant notes that it is happy to rely on the testimony of the Agatstons, who were present. Response at 17 (DE# 247, 5/29/12).

In summation, there are other people who can testify regarding the facts about which the plaintiff alleges Hall must testify. See English, 588 So. 2d at 295. Although Hall played a significant role in some of the events leading up to this litigation, Hall is not a "central" or an "indispensable" figure. See Ray, 491 So. 2d at 1214 (explaining that an attorney "is not indispensable if other witnesses are available to testify to the same information"). Thus, Hall should not be disqualified pursuant to Rule 4-3.7.

C. Disqualification of Hall Would Work Substantial Hardship on Defendant

Pursuant to Rule 4-3.7(a)(4), disqualification of counsel is inappropriate if it "would work substantial hardship on the client." See, e.g., In re Thompson, No. 06-12375-F, 2006 WL 1598112 (11th Cir. 2006) (directing the district court to reconsider its disqualification order because it did not consider whether disqualification of counsel would work substantial hardship on the client). Rule 4-3.7(a)(4) "recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party." Fla. Bar Reg.

R. 4-3.7 cmt. Since this will be a bench trial, the likelihood that the tribunal will be misled by any dual role Hall will play is minimal. This fact weighs against disqualification.

"Florida courts have stated that a motion to disqualify should be made with reasonable promptness after the party seeking the disqualification learns of the conflict of interest." Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt., Inc., No. 07-21489-CIV, 2008 WL 1994857 *2 (S.D. Fla. May 6, 2008) (citing Transmark, U.S.A., Inc. v. State, Dept. of Ins., 631 So. 2d 1112, 1116 (Fla. 1st DCA 1994)); Lee v. Gadasa Corp., 714 So. 2d 610, 612 (Fla. 1st DCA 1998); Balda v. Sorchych, 616 So. 2d 1114, 1116 (Fla. 5th DCA 1993)); see Breckenridge, 2007 WL 433084 * 3 (denying the motion to disqualify on the merits as well as undue delay). "'The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case.'" Great Am., 2008 WL 1994857 *2 (quoting Transmark, 631 So. 2d at 1116). In Breckenridge, the district court found that the movant failed to exercise due diligence in filing its motion for disqualification over eighteen months after the case was first filed in the Florida district court. Breckenridge, 2007 WL 433084 * 3.

In Great Am. Ins., the court found that although the plaintiff knew of opposing counsel's involvement in the case since July 17, 2007, the plaintiff nevertheless waited until the day before the end of the discovery period (April 10, 2008) to file its motion to disqualify defendant's counsel. Id. at *2. Thus, the court denied the plaintiff's motion since it exposed the defendant, an innocent third party in the conflict dispute, "to substantial hardship should she lose the benefit of her chosen counsel after discovery has closed" and with the trial beginning in two months. Id.

In the present case, Orin Snyder's February 25, 2011 letter to Hall conveyed his

9

belief that Hall's participation in the events giving rise to the litigation rendered him a material fact witness and thus he would be disqualified from acting as counsel. Response Ex. 3 n.1 (DE# 247, 5/29/12). The plaintiff filed its complaint on April 14, 2011. Complaint (DE# 1, 4/14/11). Over a year later, on May 14, 2012, the plaintiff filed its motion to disqualify Hall from serving as defendant's counsel. Motion (DE# 213, 5/4/12). Fact discovery ended on May 1, 2012. Order Granting Defendant's Limited Motion For Extension of Time to Complete Certain Fact Discovery (DE# 210, 5/1/12). At the time the motion to disqualify was filed, the trial was set to commence on October 9, 2012. Trial Order (DE# 28, 9/1/11). On August 21, 2012, the Court issued the Order Adopting *Amended* Joint Scheduling Report, Setting Pretrial Conference and Trial, Establishing Pretrial Deadlines, and Establishing Pretrial and Trial Procedures. (DE# 357, 8/21/12). Trial is now set to commence on September 9, 2013. Fact discovery must now be completed by November 30, 2012. Id.

Similar to Great Am. Ins., at the time the motion to disqualify was filed, fact discovery had essentially been completed. Response at 19 (DE# 247, 5/29/12). Fact discovery has since been extended to the end of November, 2012. In Great Am. Ins., there was a 10 month delay in filing the motion disqualify, whereas here plaintiff waited more than a year to file its motion. In contrast to Great Am. Ins., here there are six months, rather than two, between when the motion was filed and when trial was set to begin. The trial date has since been moved to September, 2013. Nevertheless, Hall's intimate knowledge of the significant amount of discovery material is an asset to the defendant. Thus, an alternative reason why disqualification is inappropriate is the undue delay and that it would work substantial hardship on the defendant.

**II. Rule 4-1.7: Conflict of Interest; Current Clients**

"In determining if it is permissible to act as advocate in a trial in which the lawyer will be a necessary witness, the lawyer must also consider that the dual role may give rise to a conflict of interest that will require compliance with rule[ ] 4-1.7..." Fla. Bar Reg. R. 4-3.7 cmt. This "problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party." Id. Compliance with Rule 4-1.7 requires that "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law ... and (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record in a hearing." Fla. Bar Reg. R. 4-1.7; see, e.g., AlliedSignal, 934 So. 2d at 678-79.  "Rule 4-1.7 requires a finding that the representation of the client will be directly adverse to the attorney." Breckenridge, 2007 WL 433084 * 3.

Plaintiff has not met its burden to show that Hall cannot provide the defendant with competent and diligent representation. There is no reason to suspect that the probity of Hall's conduct in the events giving rise to this litigation is in serious question. The only rule plaintiff has asserted in its motion to disqualify counsel is Rule 4-3.7. As previously discussed, disqualification under Rule 4-3.7 is inappropriate. Thus, Hall's representation of defendant is not prohibited by law. Consequently, securing defendant's informed consent is all that is needed to bring Hall's SBD representation into compliance with Rule 4-1.7. See, e.g., AlliedSignal, 934 So. 2d at 679 (noting that the client waived the conflict of interest that arose from the opposition's intention to call opposing counsel as a witness). At the hearing on the motion to disqualify held on August 13, 2012, Mrs. Agatston knowingly and voluntarily gave her consent to Hall's representation on the record.

Plaintiff's heavy reliance on <u>Foster-Thompson, LLC v. Thompson</u>, No. 8:04-CV-T-30EAJ, 2006 WL 269979, at *4 (M.D. Fla. Feb. 3, 2006) is misplaced. The Florida Rule upon which <u>Thompson</u> was premised was materially amended the following month. <u>In re Amendments to the Rules Regulating the Florida Bar</u>, 933 So. 2d 417, 467-68 (Fla. 2006). Instead of providing the current Rule 4-3.7 commentary, plaintiff cites the pre-amendment commentary quoted in <u>Thompson</u>:

> As clearly set forth, in part, by the commentary to Rule 4-3.7:
> [I]f there is likely to be substantial conflict between the testimony of the client and that of the lawyer..., the representation <u>is improper</u>. The problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party.

Reply at 8 (DE# 274, 6/8/12) (quoting <u>Thompson</u>) (emphasis in original omitted, new emphasis added).

On March 23, 2006, the Florida Supreme Court adopted an amendment to the Rules Regulating the Florida Bar which altered the underlined language in the foregoing quotation. <u>Amendments</u>, 933 So. 2d at 468. The current commentary provides: "[I]f there is likely to be substantial conflict between the testimony of the client and that of the lawyer, the representation...<u>involves a conflict of interest that requires compliance with rule 4-1.7</u>." <u>Id.</u> at 468 (emphasis in original). As previously discussed, securing defendant's informed consent is all that is required to bring Hall's SBD representation into compliance with Rule 4-1.7.

Under the facts and circumstances of this action, disqualification is not warranted under either Rule 4-3.7 or 4-1.7. Consequently, Plaintiff's Motion to Disqualify Counsel, Andrew C. Hall, Esquire, from Serving as Defendant, SBD, LLC's Trial Counsel (DE# 213, 5/4/12) is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida this **5th** day of November, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record